UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery for Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT (DKT. 13); AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT (DKT. 24)**

I.   **Introduction**

Leroy West ("West") brought this action in the Los Angeles Superior Court against Costco Wholesale Corporation ("Costco"), "DOE 1 (STORE MANAGER)," and 24 other Doe Defendants. Dkt. 1, Ex. A (the "Complaint"). The Complaint was filed on April 3, 2020, and Costco removed the action on May 11, 2020 based on diversity of citizenship. *See* Dkt. 1. The Complaint asserts two causes of action -- premises liability and general negligence. *Id.* at 11, 13.

On May 28, 2020, West filed a "Motion to Remand the Action to State Court" (the "Motion"). Dkt. 13. On June 16, 2020, Costco filed an opposition to the Motion (the "Opposition"). Dkt. 16. On June 17, 2020, West filed a reply in support of the Motion (the "Reply"). Dkt. 17. On September 1, 2020, West filed a "Motion for Leave to File First Amended Complaint and to Remand Action to State Court" (the "Second Motion"). Dkt. 24. On September 22, 2020, Costco filed an opposition to the Second Motion (the "Second Opposition"). Dkt. 27. On September 25, 2020, West filed a reply in support of the Second Motion (the "Second Reply"). Dkt. 28.

It has been determined that, pursuant to L.R. 7-15, these matters can be decided without oral argument. Dkt. 29. For the reasons stated in this Order, the Motion and the Second Motion are **GRANTED**.

II.   **Factual and Procedural Background**

The Complaint alleges that Defendants "negligently, carelessly, recklessly and/or wantonly managed, owned, operated, controlled and safeguarded the premises" of a Costco store in Inglewood, California. Dkt. 1 at 12-13. Specifically, Defendants allegedly allowed "water and/or [another] similar liquid substance" to accumulate on the floor, making it slippery. *Id.* Defendants also allegedly failed to barricade the floor or warn customers of its dangerous condition. *Id.* The Complaint alleges that, as a result, when West "walked toward[] the seating area of the food court within [the Costco store], he suddenly slipped and fell on water and/or [another] similar liquid substance that was covering the floor[,]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

causing him to fall and . . . sustain physical injuries." *Id.* West claims that he has suffered general damages of more than $300,000 and special damages of more than $100,000. *Id.* at 26 ("Statement of Damages").

Costco removed the action pursuant to 28 U.S.C. § 1441(b), on the basis of diversity of citizenship. *See* Dkt. 1. The Complaint does not allege the citizenship of any parties. Costco filed a declaration by one of its attorneys, Joshua K. Babataher, in connection with the Notice of Removal. Babataher declares that, "Costco is informed and believes that Plaintiff was, at the time he filed the Action and still is, a citizen of the State of California." *Id.* at 4. Babataher also declares Costco "was, at the time of the filing of this action, and still is, a citizen of the State of Washington, incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington." *Id.* at 5. The Notice of Removal states, "Costco is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 100 [sic], and their citizenship shall not be considered in determining diversity jurisdiction." *Id.* at 2 (citing 28 U.S.C. § 1446(b)).

West moved to remand the action to the Los Angeles Superior Court on the ground that DOE 1 -- the manager on duty at the Costco store at the time of the incident -- is also a California citizen. Dkt. 13 at 7. As noted, Costco opposed the Motion and West filed a Reply. Dkts. 16, 17. West then filed the Second Motion, which is identical to the Motion except that it identifies DOE 1 as Russell Lee ("Lee"), a California resident, and requests leave to amend the Complaint to substitute Lee for DOE 1. *See* Dkts. 13, 24. Plaintiff also lodged a proposed First Amended Complaint (Dkt. 24-3) and a declaration by Nikta Yazdi, who is one of the attorneys representing West in this action (Dkt. 24 at 18-20). Yazdi declares that Costco identified the store manager as Russell Lee in response to a discovery request. *Id.* at 19. Yazdi also declares, "Upon information and belief . . . Russell Lee[] is a citizen of the [S]tate of California." *Id.* The Second Opposition does not dispute that Lee is a California citizen. Dkt. 27.

III.     **Analysis**

     A.     Legal Standards

          1.     Removal and Remand

A motion to remand is the procedural means to challenge removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Federal diversity jurisdiction arises only when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. § 1332. Complete diversity of citizenship is required, *i.e.* "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

*Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). In determining whether a civil action can be removed on the basis of diversity jurisdiction, the citizenship of a defendant sued under a fictitious name is disregarded. 28 U.S.C. § 1441(b).

  2.  Joinder of Non-Diverse Defendant

Removal is proper where a non-diverse defendant is fraudulently joined as a sham defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.* "[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Indeed, "[m]erely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 9, 2015) (quoting *Sherrill v. G & K Servs., Inc.*, No. CV 14-7337 PSG (Ex), 2014 WL 6670064, at *2 (C.D. Cal. Nov. 21, 2014)). A "'remand must be granted' unless a defendant demonstrates that it is *impossible* for a plaintiff to prevail on any cause of action against the resident defendant." *Cota v. United Parcel Service, Inc.*, 2:19-cv-01524-VAP-AFMx, 2019 WL 3298778, at *1 (C.D. Cal., July 22, 2019) (quoting *Padilla*, 697 F. Supp. 2d at 1159) (emphasis added). Thus, provided that there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," their joinder is not deemed fraudulent. *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

Fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206. "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). "[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla*, 697 F. Supp. 2d at 1159. "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. *Id.* (internal quotations and brackets omitted). Thus, Defendants have the "burden of establishing that [a] [p]laintiff is incapable of amending [its] complaint to state a valid [] claim." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *see also Forward-Rossi v. Jaguar Land Rover N. Am., LLC.*, No. 2:16-cv-00949-CAS (KSx), 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016). "When deciding to permit joinder under [28 U.S.C.] § 1447(e), courts consider the following six factors [(the "Six-Factor Test")]:

  '(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);
  (2) whether the statute of limitations would prevent the filing of a new action against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

new defendant in state court;
(3) whether there has been an unexplained delay in seeking to join the new defendant;
(4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction;
(5) whether denial of joinder would prejudice the plaintiff; [and]
(6) the strength of the claims against the new defendant.'"

*Thomas v. WalMart Stores, Inc.*, No. CV 18-3422-RSWL-SK, 2018 WL 3046967, at *1-2 (C.D. Cal. June 19, 2018) (quoting *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002)); *see also Serrano v. Garfield Beach CVS, LLC*, No. ED CV 17-00506 BRO (DTBx), 2017 WL 8220439, at *2 (C.D. Cal. July 6, 2017); *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010) ("Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder.")

  B. Application

The basis of Costco's opposition to the joinder of Lee and remand is its contention that Lee cannot be personally liable to West. Based on this position, Costco argues that the joinder of Lee is fraudulent and the Six-Factor Test weighs against allowing it. Because Costco has not made a sufficient showing that Lee cannot be personally liable to West, remand is appropriate.

    1. <u>Fraudulent Joinder</u>

In an action similar to this one, after slipping on grapes on the floor of a Costco store, a plaintiff sued Costco and Lee for general negligence and premises liability. *Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250 DMG (GJSx), 2020 WL 2945514, *1 (C.D. Cal. June 2, 2020). Costco removed the action, alleging Lee's citizenship should be disregarded because he was fraudulently joined. *Id. Gallegos* found the plaintiff had alleged plausible claims against both Lee and Costco: "In the context of the negligence and premises liability claims . . . Lee is Costco's agent and, therefore, it is plausible that Defendants' conduct is intertwined." *Id.* at *3. The analysis then continued as follows:

> Long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Perkins v. Blauth*, 163 Cal. 782, 787 (1912); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable."). Based on this theory, Lee, as the Costco store manager, may be held liable separate and apart from Costco's liability.

*Gallegos*, 2020 WL 2945514, at *3 n.3.

This analysis applies here. The facts alleged are not materially distinguishable from those in *Gallegos*. Other decisions in this District have followed the same approach and are also persuasive. *See, e.g., Thomas*, 2018 WL 3046967; *Trujillo v. Target Corp.*, No. 17-cv-06429 VAP (GJSx), 2017 WL 4864490 (C.D. Cal. Oct. 26, 2017); *Revay*, 2015 WL 1285287 (C.D. Cal. Mar. 19, 2015); *Quizon v. Target*, No. 2:17-cv-07110-RSWL-JEM, 2017 WL 5897368 (C.D. Cal. Nov. 28, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

As recognized under the analyses in these similar cases, it is plausible that Lee may be liable for both negligence and premises liability. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (Cal. 2016). *Vreeland v. Target Corp.*, No. C 09-5673 MEJ, 2010 WL 545840, at *3-4 (N.D. Cal. Feb. 11, 2010), found these elements were plausibly alleged with respect to a retail store manager where a complaint asserted that the manager "had a duty to keep the floor [of the store] safe," the manager "failed to warn the public of [a] puddle on the floor or to cordon off the area of the floor where the puddle was," and the manager's "alleged failure to do so caused [the plaintiff's] injuries." *Id.* West alleges fundamentally the same duty and breach with respect to Lee. Accordingly, Costco has not shown that West cannot prevail on his claims against Lee in light of his role as a manager and employee of Costco. Therefore, there is no showing of fraudulent joinder on this basis.

  2. <u>Six-Factor Test as to the Joinder of Lee</u>

    a) Necessity for Just Adjudication

Fed. R. Civ. P. 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082 (C.D. Cal. 1999). Joinder is required pursuant to Rule 19 where "failure to join will lead to seperate and redundant actions." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). "Although courts consider whether a party would meet [the Rule 19] standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]. Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1011-12 (internal citations omitted).

*Trujillo* concluded that this factor weighed in favor of allowing joinder where a plaintiff, who slipped and fell at a Target store, sought to add the store manager as a defendant in negligence claims that were pending against Target. 2017 WL 4864490 at *2. The facts here are similar. West's claims against Lee are not just "tangentially related" to those he brought against Costco. They overlap entirely. Therefore, a failure to join Lee to this action could result in a subsequent Superior Court action based on the same or similar factual and legal issues. Consequently, this factor weighs in favor of granting the Motion and Second Motion.

    b) Statute of Limitations

Cal. Code Civ. Proc. § 335.1 provides for a two-year statute of limitations for personal injury actions. Because West alleges the incident at the Costco store occurred on June 27, 2018 (Dkt. 1 at 11), the statute of limitations bars any personal injury claims filed after June 27, 2020. Thus, if West is not permitted to join Lee and the filing of this action were not deemed to have tolled the limitations period through the Doe process or otherwise, his claim could be time barred. However, because that outcome is very unlikely, this factor is neutral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

      c)      Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. West filed this action on April 3, 2020. Dkt. 1. The Complaint asserted claims against "DOE 1 (STORE MANAGER)." Dkt. 1 at 8. On May 28, 2020, 17 days after the case was removed, West filed the Motion, and stated that "once [DOE 1's] name becomes known through the discovery process, [West] will amend the Complaint to substitute the manager's name instead of DOE 1." Dkt. 13 at 8. On September 1, 2020, West filed the Second Motion together with a proposed First Amended Complaint that substituted DOE 1 with Lee. Dkts. 24, 24-3. The Scheduling Order in this action set September 28, 2020 as the last day to amend or add parties. Dkt. 22. Accordingly, joinder was sought in a timely fashion. This factor weighs in favor of granting the Motion and Second Motion.

      d)      Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Costco argues that West seeks to add Lee to defeat diversity jurisdiction. Dkt. 16 at 5. Costco argues this improper motive can be inferred because Lee cannot have personal liability to West and West filed the Motion before learning of the identity of DOE 1. For the reasons stated above, it has not been shown that, as a matter of law, Lee cannot be personally liable to West. That West filed the Motion before he knew Lee's identity does not show improper motive. The "Store Manager," was named as DOE 1 in the Complaint. Thereafter, Lee was identified by Costco in discovery as the store manager. Plaintiff then proposed to have him replace DOE 1. Accordingly, this factor weighs in favor of granting the Motion and Second Motion.

      e)      Validity of Claims

For the reasons stated above, Plaintiff has alleged plausible claims against Lee. Therefore, this factor weighs in favor of granting the Motion and Second Motion.

      f)      Possibility of Prejudice

"Under this factor, the Court looks to whether Plaintiff will 'suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder.'" *Thomas*, 2018 WL 3046967 at *3 (quoting *Boon*, 229 F. Supp. 2d at 1025. This prejudice is shown "where denying amendment would force the plaintiff to choose between: (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party." *Serrano*, 2017 WL 8220439, at *5.

A remand will avoid the possibility of redundant state court litigation. Therefore, this factor also weighs slightly in favor of granting the Motion and Second Motion.

                    \*      \*      \*

An assessment of the relevant factors weighs in favor of granting the Motion and Second Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04265 JAK (FFMx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Leroy West v. Costco Wholesale Corporation, et al. | | |

Costco does not dispute that West and Lee are both citizens of California. Thus, the joinder of Lee will preclude complete diversity of citizenship, with the result that there is no subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion and Second Motion are **GRANTED**. The proposed First Amended Complaint (Dkt. 24-3), in which Lee is a named defendant, is deemed filed. Because there is no subject matter jurisdiction, this action is **REMANDED** to the Los Angeles Superior Court at its Spring Street Courthouse.